#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                                                                                       No. CR 08-1669 JB

RICHARD MCKENZIE,

       Defendant.

#### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Federal Public Defender's Motion to Withdraw as Counsel, filed May 19, 2010 (Doc. 79). The Court held a hearing on May 20, 2010. The primary issue is whether, at this stage of the proceedings, days before the case is scheduled for trial, the Court should allow Alonzo Padilla to withdraw as counsel for Defendant Richard McKenzie. The Court is very concerned about the timing of the motion, and has its doubts that another attorney will provide as good or better representation for McKenzie; nevertheless, because the United States has taken no position on the motion, because both McKenzie and Mr. Padilla agree that the lines of communication have irreparably broken down, and because, after talking both to McKenzie and to Mr. Padilla, the Court is concerned whether Mr. Padilla can, notwithstanding their problems, provide fully adequate representation, the Court will -- reluctantly -- grant the motion.

#### PROCEDURAL BACKGROUND

McKenzie is charged by Indictment with one count of possession with intent to distribute 500 grams of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On May 14, 2009, McKenzie asked the Court to suppress the evidence

against him, see Motion to Suppress Evidence with Supporting Authorities, filed May 14, 2009 (Doc. 32), but the Court denied this request, see Memorandum Opinion and Order, filed April 13, 2010 (Doc. 70). Since this criminal action was initiated, McKenzie has sought to continue his trial setting a total of eleven times, one of which is still pending. See Opposed Motion to Continue Trial Setting: Request for Frank's Hearing; and Request to Reopen Suppression Motion Hearing, filed May 17, 2010 (Doc. 76). The trial is currently scheduled to begin on Monday, May 20, 2010. On May 19, 2010, Mr. Padilla filed this motion to withdraw as McKenzie's counsel in this case.

## ANALYSIS

By their motion, both Mr. Padilla and McKenzie ask the Court to allow Mr. Padilla to withdraw as counsel for McKenzie in this matter. In his motion, Mr. Padilla stated the following basis for the motion:

1. Counsel does not feel he can act in his appointed capacity as Mr. McKenzie's counsel as a result of a break down in communication. Mr. McKenzie is not following the advice of counsel and will not accept his attorney's advice as to the most prudent and reasonable way to handle his case. Furthermore, Mr. McKenzie is not satisfied with his counsel's advice and requests that new counsel be appointed to represent him. He does not feel confident in his counsel's ability to handle his case and has his own ideas as to how the case should be handled which is contrary to counsel's advise.

2. Mr. McKenzie's waivers back and forth between whether he wants to have a jury trial or to enter a conditional plea. Counsel does not want to waste the resources of this Court by going through a trial which is not necessary particularly since the only issue to be resolved in Mr. McKenzie's case is the suppression motion which was previously filed, considered by the Court, and denied. Although counsel is making an effort to supplement the record for purposes of an appeal, Mr. McKenzie is still not satisfied with such efforts and has requested that new counsel be appointed due to his lack of faith and trust in counsel of record.

Motion ¶¶ 1-2, at 1-2. At the hearing, Assistant United States Attorney Damon P. Martinez stated

that the United States takes no position on the motion.  Mr. Padilla reiterated his concerns at the hearing, asserting that McKenzie was resistant to his advice and continued to ask Mr. Padilla to pursue procedural avenues that Mr. Padilla felt were fruitless.  McKenzie, on the other hand, implied that he felt that Mr. Padilla was not providing sufficient counsel.  McKenzie stated that all of the theories of defense that had thus far been asserted were based on McKenzie's independent research and that Mr. Padilla had not contributed as much as McKenzie expected him to do.

Although McKenzie's motion is unopposed, the Court has nonetheless carefully considered the issues here.  The Court is very concerned that McKenzie, having succeeded in delaying the trial ten times already, and with a motion to continue the trial setting still pending, is stalling again by seeking new counsel on the eve of trial.  Nevertheless, the Court finds that Mr. Padilla's and McKenzie's representations -- under questioning from the Court -- make it reasonably clear that there has been a breakdown in the attorney-client relationship such that adequate representation is endangered, despite Mr. Padilla's best efforts to make the relationship work.  They have been unable to resolve that fundamental problem.  The Court does not think it prudent -- or does anyone service -- to deny the request and run the risk of both testifying down the road that the representation was ineffective because of the breakdown in attorney-client communication.  Accordingly, the Court will grant the motion, allow Mr. Padilla to withdraw as counsel, and appoint McKenzie new counsel from the panel of approved Criminal Justice Act attorneys.

**IT IS ORDERED** that the  the Federal Public Defender's Motion to Withdraw as Counsel is granted.

_____
UNITED STATES DISTRICT JUDGE

-3-

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Damon P. Martinez
Samuel A. Hurtado
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Alonzo J. Padilla
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

    *Attorney for the Defendant*