IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                   No. CR 08-1669 JB

RICHARD MCKENZIE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion to Continue Trial Setting; Request for Frank's Hearing; and Request to Reopen Suppression Motion Hearing, filed May 17, 2010 (Doc. 76). The Court held a hearing on May 20, 2010. The primary issue is whether the Court should continue the trial scheduled for May 24, 2010.[1] Because the Court has just allowed Defendant Richard McKenzie's attorney to withdraw, and because, even if the Court were to appoint new counsel before the close of business, new counsel would have only three days to prepare for trial, the Court finds that the ends of justice will be best served by continuing the May 24, 2010 trial and placing it on the June 2010 trailing docket.

**PROCEDURAL BACKGROUND**

McKenzie is charged by Indictment with one count of possession with intent to distribute 500 grams of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The trial is currently set to begin on Monday, May 24, 2010. If convicted, McKenzie could face a substantial sentence, because he may constitute a career offender.

---

[1] For reasons the Court will explain below, the Court does not reach the other issues that McKenzie raises in his motion.

On May 14, 2009, McKenzie filed a motion to suppress all evidence found as a result of what he considers to be an illegal search. See Motion to Suppress Evidence with Supporting Authorities, filed May 14, 2009 (Doc. 32). The Court, after hearing testimony at two separate hearings, denied the motion to suppress, ruling that the encounter was consensual and that McKenzie had given the agent consent to search his luggage where the cocaine was found. See Memorandum Opinion and Order, filed April 13, 2010 (Doc. 70). McKenzie now moves the Court for an order continuing the trial scheduled for May 24, 2010, for a Franks[2] hearing, and for a reopening of the suppression-motion hearing.

On May 19, 2010, Alonzo Padilla, McKenzie's counsel at that time, filed a motion to withdraw as McKenzie's counsel in this case. See Federal Public Defender's Motion to Withdraw as Counsel, filed May 19, 2010 (Doc. 79). After a hearing at which the Court heard both from Mr. Padilla and from McKenzie, the Court granted the motion and allowed Mr. Padilla to withdraw as McKenzie's counsel. See Memorandum Opinion and Order at 2, filed May 20, 2010 (Doc. 80). McKenzie is now in limbo as he is effectively without an attorney until the Court appoints new counsel. At the hearing on this motion, Assistant United States Attorney Damon Martinez agreed that, although the United States is ready for trial, it does not object to the Court vacating the current trial setting to give new counsel an opportunity to come up to speed.

## ANALYSIS

In his May 17, 2010 motion, McKenzie asks the Court to continue the trial currently set for May 24, 2010 to give him an opportunity to present evidence that he believes will undermine the apparent legality of the search that ultimately led to agents discovering contraband in McKenzie's

---

[2] Franks v. Delaware, 438 U.S. 154, 164-65 (1978).

luggage.  In addition to a continuance, McKenzie requests a <u>Franks</u> hearing, asks the Court to re-open its suppression hearing, and, presumably, re-consider its April 13, 2010 ruling.  The United States opposes the motion in large part.  <u>See</u> Motion ¶ 8, at 4.  In light of the recent withdrawal of McKenzie's counsel, however, the United States is not opposed to a continuance.

After weighing the best interests of the public and of McKenzie with the ends of justice, the Court finds that granting the requested continuance will strike a proper balance between the ends of justice, and the best interests of the public and McKenzie, in light of the recent withdrawal of McKenzie's counsel.  <u>See</u> 18 U.S.C. § 3161(h)(8).  The Court notes that, even if it were to appoint new counsel for McKenzie before the close of business today, new counsel would have a mere three days to prepare for trial on Monday.  The Court finds that forcing McKenzie's new counsel to become familiar with McKenzie's case and prepare for a criminal trial in three days would not further the ends of justice.  Rather, the Court would prefer new counsel to have the time necessary to meet with McKenzie, discuss their options for going forward, and, if McKenzie and his new attorney agree that they wish to go to trial, to prepare for trial under more reasonable time constraints. The Court will therefore grant McKenzie's request to continue the May 24, 2010 trial.  The Court will place the trial on the June trailing docket.

The Court will not, however, rule on the remainder of McKenzie's motion.  Instead, the Court will wait until McKenzie's new counsel is prepared to argue those motions.  At that time, the Court will hold a hearing and take argument from the United States and McKenzie's new counsel.  McKenzie's motion is thus granted in part.

**IT IS ORDERED** that the Defendant's Opposed Motion to Continue Trial Setting; Request for Frank's Hearing; and Request to Reopen Suppression Motion Hearing is granted in part.  The Court grants McKenzie's request to continue the May 24, 2010 trial.  The Court reserves ruling on

the remainder of this motion until McKenzie's new attorney has been brought up to speed on the case and is available to argue the remaining issues before the Court.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Damon P. Martinez
Samuel A. Hurtado
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Alonzo J. Padilla
  Assistant Federal Public Defender
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

      *Attorney for the Defendant*