UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                          Cause No. 1:08-cr-01669-JB

RICHARD ANTHONY MCKENZIE,

           Defendant.

**MOTION TO SUPPRESS EVIDENCE BASED ON ILLEGAL SEIZURE OF PASSENGER NAMED REPORT PNR AND TO RECONSIDER, IN PART, FACTUAL FINDINGS RELATING TO THE SEIZURE OF THE PNR**

COMES NOW, Defendant, Richard Anthony McKenzie, and hereby moves this Court to suppress evidence based on the illegal seizure of the passenger named report (PNR) and to reconsider, in part, its factual findings as it relates to the seizure of the PNR. In support of the Motion, and at the request of Mr. McKenzie, counsel states as follows:

1. Mr. McKenzie incorporates by reference as though fully stated herein the apt factual recitation made by this Court in the Memorandum Opinion and Order Denying Defendant's Motion to Suppress [Doc. No. 116], pp. 2-7.

2. In that Memorandum Opinion and Order, the Court found that Agent Hyland received the PNR via facsimile transmission from an Amtrack ticketing agent. *See* Mem. Op. [Doc. No. 116], ¶ 25, p. 11.

3. However, Mr. McKenzie presented evidence that the only ticketing agent who could have sent it to Agent Hyland, did not send it. *See id.* ¶¶ 1-11.

4. In addition, Mr. McKenzie contacted Amtrak's corporate offices, and was informed that Amtrak's policy is to never send any information to local, state, or federal law enforcement, but

instead to send it to Amtrak police.

5. Although the Court found that the Agent Hyland received the PNR from an Amtrak ticket agent, Mr. McKenzie submits that the facts of the case were not correctly argued and the Court should reconsider the facts before it.

6. First, Hyland testified that he received the PNR directly from the ticket agent.

7. Upon questioning, during the first suppression hearing, he said that he received it by facsimile. *See* Trans. of Suppression Hearing (2/18/10) at pp. 4-6.

8. Agent Hyland later testified that he received the PNR from an envelope. *See* Mem. Op. [Doc. No. 116], ¶ 16.

9. Based on these discrepancies, and the evidence Mr. McKenzie presented at the hearing on the Motion for Franks Hearing, *see* Mem. Op. [Doc. No. 116], ¶¶ 1-11, that being that the ticket agent said he did not send it to the DEA, Mr. McKenzie submits that Agent Hyland illegal seized the PNR in violation of the Fourth Amendment to the United States Constitution.

10. Because the PNR was seized illegally, it must be suppressed. In addition, any evidence derived from the PNR is subject to suppression under the fruits of the poisonous tree doctrine.

11. This constitutes the United States entire case, as the PNR is what led Agent Hylander to find Mr. McKenzie, speak to him, and ultimately to search his luggage and find the drugs for which Mr. McKenzie is on trial.

12. In essence, without the PNR, Mr. McKenzie does not exist, and there would be no case against him.

Electronically submitted,
Robert R. Cooper Law Firm, P.C.

 /s/ *Robert R. Cooper*
ROBERT R. COOPER
Attorney for Defendant

1011 Lomas Blvd. N.W.
Albuquerque, New Mexico 87102
(505) 842-8494
bob@rrcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

DAMON MARTINEZ
Assistant United States Attorney
damon.martinez@usdoj.gov


*/s/ Robert R. Cooper*
ROBERT R. COOPER
Attorney for Richard Mckenzie