IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                         No. CR 08-1669 JB

RICHARD ANTHONY MCKENZIE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Compel Production of NCIC Records, filed January 11, 2011 (Doc. 106)("Motion").  The Court held a hearing on February 10, 2011.  The primary issue is whether the Court should order Plaintiff United States of America or, alternatively, the records custodian for the National Criminal Information Center ("NCIC"), to produce to Defendant Richard Anthony McKenzie records from NCIC of any requests for his criminal history, the Interstate Identification Index ("Triple I"), or any other information provided by NCIC to any agency, made by any law enforcement agency, for the dates of July 2, 2008 through July 7, 2008.  Because McKenzie appears to be engaging in a fishing expedition, the Court denies his Motion.

**FACTUAL BACKGROUND**

McKenzie was arrested on July 7, 2008.  Drug Enforcement Agency ("DEA") Agent Mark Hyland was the agent who primarily conducted the investigation on McKenzie.  Hyland conducted the investigation after receiving a passenger named report ("PNR") showing that the tickets were purchased for McKenzie on or about July 2, 2008, for travel occurring on or about July 7, 2008.

NCIC is a computerized index of criminal justice information. NCIC is available to law-enforcement agencies, but not to the public or to McKenzie. Tripe I is the portion of an NCIC record that provides a defendant's criminal background. McKenzie contends that, upon information and belief, NCIC and Triple I keeps records of all requests for records, which would include the requesting agency and the date of the requests.

## PROCEDURAL BACKGROUND

McKenzie is charged by Indictment with one count of possession with intent to distribute 500 grams of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On May 14, 2009, McKenzie filed a motion to suppress all evidence found as a result of what he considers to be an illegal search. See Motion to Suppress Evidence with Supporting Authorities, filed May 14, 2009 (Doc. 32). McKenzie asserted that the encounter with the DEA agent was not consensual, but was an investigative stop. At the suppression hearing, Hyland testified under oath that he did not perform an NCIC search for McKenzie before arresting him on July 7, 2008, because there was not sufficient time to run a search before traveling to the train station to intercept McKenzie, who was traveling on a train. See Transcript of Hearing at 12:22-24 (taken February 18, 2010)(Padilla, Hyland);[1] id. at 30:2-6 (Martinez, Hyland). The Court, after hearing testimony at two separate hearings, denied the motion to suppress, ruling that the encounter was consensual and that McKenzie had given Hyland consent to search his luggage where the cocaine was found. See Memorandum Opinion and Order at 29, filed April 13, 2010 (Doc. 70)("April 13, 2010 MOO").

On May 17, 2010, McKenzie filed his Opposed Motion to Continue Trial Setting; Request

---

[1] The Court's citations to transcripts of hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

for Frank's [sic] Hearing; and Request to Reopen Suppression Motion Hearing, see Doc. 76 ("Franks Motion"), requesting the Court to conduct a Franks[2] hearing, re-open its suppression hearing, and, presumably, re-consider its April 13, 2010 ruling. At the hearing on McKenzie's Franks Motion, Hyland again testified under oath that he did not perform a background check on McKenzie through NCIC or otherwise before arresting him on July 7, 2008. See Transcript of Hearing at 40:1-41:14 (taken December 1, 2010)(Cooper, Hyland); id. at 44:15-18 (Martinez, Hyland). On February 20, 2011, the Court denied McKenzie's Franks Motion. See Memorandum Opinion and Order, filed February 20, 2011 (Doc. 116)("February 20, 2011 MOO").

McKenzie submits his Motion for an order compelling the NCIC records. McKenzie requests that the Court issue an order directing the United States to obtain and to produce such information, or, in the alternative, issue a order directly to the NCIC's custodian of records and Triple I to produce the requested information. In his Motion, McKenzie contends this information is relevant to the Franks hearing that the Court denied after he submitted his Motion. See Memorandum Opinion and Order, filed February 20, 2011 (Doc. 116).

The United States opposes McKenzie's Motion. On January 19, 2011, the United States filed its Response in Opposition to Defendant's Motion to Compel Production of NCIC Records Filed January 11, 2011 (Doc. 106). See Doc. 107 ("Response"). The United States contends that McKenzie attempts to "have the Court conduct a baseless fishing expedition," and that, because the Court has found that the initial encounter was consensual, whether Hyland performed a NCIC search is irrelevant. Response at 2.

---

[2] Franks v. Delaware, 438 U.S. 154, 155-56 (1978)(stating that a hearing is warranted "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause").

On January 25, 2011, McKenzie filed his Reply to United States' Response in Opposition to Defendant's Motion to Compel Production of Ncic Records. See Doc. 109. McKenzie asserts that, in addition to his requested Franks hearing, he also planned to use any evidence that Hyland conducted a NCIC search to impeach Hyland at trial.

At the February 10, 2011 hearing, McKenzie clarified that he believes that either Hyland or someone working with Hyland ran an NCIC search for McKenzie, and that Hyland may have been unforthcoming when he testified that *he* did not run a NCIC search for McKenzie. The United States represented that neither Hyland nor anyone else associated with him performed an NCIC search for McKenzie before arresting him. The United States asserted that, now that the Court has denied McKenzie's request that it suppress evidence and that it reconsider its decision, it is time for these matters to be put to bed and for this case to move forward to the trial. McKenzie contended that, because the DEA has run NCIC searches in previous cases, there is reason to believe it may have run an NCIC search on him.

## ANALYSIS

McKenzie contends that whether an NCIC and/or Triple I was done on him during the period of July 2, 2008 through July 7, 2008 is relevant to the issues that his Franks Motion raises and to impeach Hyland's testimony at the upcoming trial. McKenzie asks the Court to order the United States to determine whether an NCIC and/or Triple I request was done in regards to McKenzie between July 2 and 7, 2008, or, in the alternative, "issue an order directly to the custodian of records of NCIC and Triple I to produce the requested information." Motion ¶ 8, at 2.

The Court has denied McKenzie's request for a Franks Hearing, see February 20, 2011 MOO, mooting this basis for his request. Whether Hyland ran an NCIC search is also irrelevant to whether the Court should suppress the evidence in this case. The Court stated in its April 13, 2010

MOO: "The first question, and the one ultimately determinative of the outcome of this case, is whether the initial encounter between McKenzie and Hyland, during which Hyland asked to see McKenzie's ticket and asked to search McKenzie's luggage, was consensual, or, rather, was an investigative detention." April 13, 2010 MOO at 29. The Court found "that the initial encounter was consensual, and therefore it is irrelevant whether the officers had any basis for the belief, or indeed any belief, that McKenzie was transporting contraband when the encounter started." April 13, 2010 MOO at 40-41. Because the Court has found the initial search was consensual, whether Hyland conducted an NCIC search is not relevant to the issues before the Court. See April 13, 2010 MOO at 30 ("A consensual encounter, for constitutional purposes, is a non-event; it cannot be a Fourth-Amendment violation." (citing Oliver v. Woods, 209 F.3d 1179, 1186 (10th Cir. 2000)).

The only apparent relevance any false testimony from Hyland about running an NCIC search on McKenzie may have is to impeach his testimony at trial. See Giglio V. United States, 405 U. S. 150 (1972). There is, however, no sound basis in the facts of this case to believe that Hyland ran an NCIC search on McKenzie. Hyland has consistently testified that he did not run a NCIC search on McKenzie before arresting him. The United States represents that it has confirmed with Hyland that neither he, nor anyone associated with him, ran a background search on McKenzie before arresting him on July 7, 2008. The only basis McKenzie points to in support of his assertion that Hyland may have conducted a NCIC search is that DEA agents performed a search in a similar case in 2004. See United States v. Denny, 441 F.3d 1220, 1222 (10th Cir. 2006)(noting that, in a case in which Hyland participated, "Agents also ran a criminal history check on Defendant" before intercepting him). The United States Court of Appeals for the Tenth Circuit in United States v. Denny does not state that the DEA had a practice of running NCIC searches. Nor does it state that Hyland performed the search, but that "Agents also ran a criminal history check." 441 F.3d at 1222.

This basis is too thin a reed to support McKenzie's fishing expedition to try to find misstatements from Hyland about facts that are not material to this issues before the Court. The Court does not believe that it is appropriate to allow McKenzie to pursue discovery into every statement Hyland made hoping to find some inaccuracy with which to impeach him. The Court therefore denies McKenzie's Motion.

**IT IS ORDERED** that the Court denies Defendant's Motion to Compel Production of NCIC Records, filed January 11, 2011 (Doc. 106).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Damon P. Martinez
Samuel A. Hurtado
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Robert R. Cooper
Albuquerque, New Mexico

     *Attorney for the Defendant*