IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 2 2011

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

RICHARD ANTHONY MCKENZIE,

       Defendant.

No. CR 08-1669 JB

## COURT'S FINAL JURY INSTRUCTIONS
(with citations)

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.

I am the judge of the law. You, as jurors, are the judges of the facts.  I presided over the trial and

decided what evidence was proper for your consideration.  It is also my duty at the end of the trial

to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general

instructions which apply in every criminal case -- for example, instructions about burden of proof

and insights that may help you to judge the believability of witnesses.  Then I will give you some

specific rules of law that apply to this particular case and, finally, I will explain the procedures you

should follow in your deliberations, and the possible verdicts you may return.  These instructions

will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions Criminal 1.03, at 8 (2011 Edition)(**INTRODUCTION TO FINAL INSTRUCTIONS**)

Tenth Circuit Pattern Jury Instructions Criminal 1.03, at 8 (Feb. 2006 Edition)(**INTRODUCTION TO FINAL INSTRUCTIONS**)

United States' Requested Jury Instructions, United States' Requested Instruction No. 1, at 1, filed May 13, 2010 (Doc. 74)

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Tenth Circuit Pattern Jury Instructions Criminal 1.04, at 9 (2011 Edition)(**DUTY TO FOLLOW INSTRUCTIONS**)

Tenth Circuit Pattern Jury Instructions Criminal 1.04, at 9 (Feb. 2006 Edition)(**DUTY TO FOLLOW INSTRUCTIONS**)

United States' Requested Jury Instructions, United States' Requested Instruction No. 2, at 1, filed May 13, 2010 (Doc. 74)

## INSTRUCTION NO. 3

The government has the burden of proving Defendant Richard Anthony McKenzie guilty beyond a reasonable doubt.  The law does not require Mr. McKenzie to prove his innocence or produce any evidence at all.  The government has the burden of proving Mr. McKenzie guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. McKenzie not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. McKenzie's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. McKenzie's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that Mr. McKenzie is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05, at 10 (2011 Edition)(**PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.05, at 10 (Feb. 2006 Edition)(**PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 3, at 1, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agree to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06, at 13 (2011 Edition)(**EVIDENCE -- DEFINED**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.06, at 13 (Feb. 2006 Edition)(**EVIDENCE – DEFINED**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 4, at 1, filed May 13, 2010 (Doc. 74)(modified)

-4-

## INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.07, at 15 (2011 Edition)(**EVIDENCE -- DIRECT AND CIRCUMSTANTIAL -- INFERENCES**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.07, at 15 (Feb. 2006 Edition)(**EVIDENCE -- DIRECT AND CIRCUMSTANTIAL -- INFERENCES**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 5, at 1, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 6

I remind you that it is your job to decide whether the government has proved the guilt of Mr. McKenzie beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or Mr. McKenzie? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

Mr. McKenzie did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to Mr. McKenzie the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that Mr. McKenzie did not take the witness stand and testify or call any

witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08, at 16-17 (2011 Edition)(**CREDIBILITY OF WITNESSES**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.08, at 17-18 (Feb. 2006 Edition)(**CREDIBILITY OF WITNESSES**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1, at 18 (2011 Edition)(**NON-TESTIFYING DEFENDANT**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1, at 19 (Feb. 2006 Edition)(**NON-TESTIFYING DEFENDANT**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 6, at 1, filed May 13, 2010 (Doc. 74)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 7, at 2, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 7

Evidence has been presented about a statement attributed to Mr. McKenzie alleged to have been made after the commission of the crime charged in this case but not made in court.  Such evidence should always be considered by you with caution and weighed with care.  Any such statements should be disregarded entirely unless the other evidence in the case convinces you by a preponderance of the evidence that the statement was made knowingly and voluntarily.

In determining whether any such statement was knowingly and voluntarily made, consider, for example, the age, gender, training, education, occupation, and physical and mental condition of Mr. McKenzie, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

If, after considering all this evidence, you conclude by a preponderance of the evidence that Mr. McKenzie's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserves under all the circumstances.

Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.

Tenth Circuit Pattern Jury Instructions Criminal 1.25, at 40 (2011 Edition)(**VOLUNTARINESS OF STATEMENT BY DEFENDANT**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.25, at 41 (Feb. 2006 Edition)(**VOLUNTARINESS OF STATEMENT BY DEFENDANT**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.05.1, at 12 (Feb. 2006 Edition)(**PREPONDERANCE OF EVIDENCE**)(modified)

## INSTRUCTION NO. 8

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.

Tenth Circuit Pattern Jury Instructions Criminal 1.40, at 65 (2011 Edition)(**CAUTIONARY INSTRUCTION DURING TRIAL**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.40, at 65 (Feb. 2006 Edition)(**CAUTIONARY INSTRUCTION DURING TRIAL**)(modified)

**INSTRUCTION NO. 9**

During the trial you heard the expert testimony of Mr. Hyland who expressed opinions concerning the valuation of cocaine, and what constitutes a distributable amount of cocaine; Victor A. Bravenec, who expressed opinions concerning forensic chemistry; and Joe Michael Maberry, who expressed opinions concerning forensic analysis of latent prints.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17, at 31 (2011 Edition)(**EXPERT WITNESS**)(adopted)

Tenth Circuit Pattern Jury Instructions Criminal 1.17, at 32 (Feb 2006 Edition)(**EXPERT WITNESS**)(adopted)

United States' Requested Jury Instructions, United States' Requested Instruction No. 2, at 9, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 10

Mr. McKenzie is charged by indictment as follows:

On or about July 7, 2008, in Bernalillo County, in the District of New Mexico, the defendant, **RICHARD ANTHONY MCKENZIE**, unlawfully, knowingly and intentionally did possess with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

United States' Requested Jury Instructions, United States' Proposed Instruction No. 6, at 17, filed May 13, 2010 (Doc. 74)(modified)

Indictment, filed July 22, 2008 (Doc. 11)

## INSTRUCTION NO. 11

Mr. McKenzie is charged in the indictment with a violation of 21 U.S.C. section 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find Mr. McKenzie guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    Mr. McKenzie knowingly or intentionally possessed a controlled substance as charged;

*Second*:    the substance was in fact cocaine;

*Third*:    Mr. McKenzie possessed the substance with the intent to distribute it; and

*Fourth*:    the amount of the controlled substance possessed by Mr. McKenzie was at least 500 grams and more of a mixture or substance containing a detectable amount of cocaine.

Cocaine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Tenth Circuit Pattern Jury Instructions Criminal 2.85, at 294 (2011 Edition)(**CONTROLLED SUBSTANCES -- POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841 (a)(1))(modified)**

Tenth Circuit Pattern Jury Instructions Criminal 2.85, at 301 (Feb. 2006 Edition)(**CONTROLLED SUBSTANCES -- POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841(A)(1))**(modified)

Tenth Circuit Pattern Jury Instructions Criminal, Comment 2.85.1 notes, at 297-98 (2011 Edition)(**DISTRIBUTION OF A CONTROLLED SUBSTANCE -- 21 U.S.C. § 841 (a)(1)**)

Tenth Circuit Pattern Jury Instructions Criminal, Comment 2.85.1 notes, at 303-04 (Feb. 2006 Edition)(**DISTRIBUTION OF A CONTROLLED SUBSTANCE -- 21 U.S.C. § 841(A)(1))**(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 7, at 18, filed May 13, 2010 (Doc. 74)(modified)

United States v. De La Torre, 599 F.3d 1198, 1204-05 (10th Cir. 2010)

United States v. Jackson, 213 F.3d 1269, 1285 (10th Cir. 2000), vacated on other grounds, 240 F.3d 1245 (2001)

United States v. Johnson, 130 F.3d 1420, 1428 (10th Cir. 1997)

United States v. Levario, 877 F.2d 1483, 1485 (10th Cir. 1989), overruled on other grounds by Gozlon-Perez v. United States, 498 U.S. 395 (1991)

Fifth Circuit, Pattern Jury Instruction 2.87 (West. 2001)

## INSTRUCTION NO. 12

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Tenth Circuit Pattern Jury Instructions Criminal 1.37, at 60 (2011)**(KNOWINGLY -- DELIBERATE IGNORANCE)**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.37, at 61 (Feb. 2006)**(KNOWINGLY -- DELIBERATE IGNORANCE)**(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 11, at 2, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 13

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

Mr. McKenzie has joint possession of an object when two or more persons share actual or constructive possession of it. However, merely being present with others who have possession of the object does not constitute possession.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between Mr. McKenzie and the object.

In addition, momentary or transitory control of an object is not possession. You should not find that Mr. McKenzie possessed the object if he possessed it only momentarily, or did not know that he possessed it.

-15-

Tenth Circuit Pattern Jury Instructions Criminal 1.31, at 49 (2011 Edition)(**ACTUAL OR CONSTRUCTIVE POSSESSION**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.31, at 50 (Feb. 2006 Edition)(**ACTUAL OR CONSTRUCTIVE POSSESSION**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 4, at 11-13, filed May 13, 2010 (Doc. 74)(modified)

United States v. Norman, 388 F.3d 1337 (10th Cir. 2004)

United Sates v. Hien Van Thieu, 279 F.3d 917, 922 (10th Cir. 2002)

United States v. Adkins, 196 F.3d 1112 (10th Cir. 1999)

United States v. Zink, 612 F.2d 511, 516-517, n.1 (10th Cir. 1980)

United States v. McCoy, 781 F.2d 168, 171 (10th Cir. 1985)

**INSTRUCTION NO. 14**

You will note that the indictment charges that the crime was committed on or about July 7, 2008.  The government must prove beyond a reasonable doubt that Mr. McKenzie committed the crime reasonably near July 7, 2008.

Tenth Circuit Pattern Jury Instructions Criminal 1.18, at 32 (2011 Edition)**(ON OR ABOUT)**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.18, at 33 (Feb. 2006 Edition)**(ON OR ABOUT)**(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 3, at 10, filed May 13, 2010 (Doc. 74)(modified)

**INSTRUCTION NO. 15**

The indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find Mr. McKenzie guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      someone else committed the charged crime, and

*Second*:   Mr. McKenzie intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that Mr. McKenzie consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

Mr. McKenzie need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Tenth Circuit Pattern Jury Instructions Criminal 2.06, at 85 (2011 Edition)**(AID AND ABET 18 U.S.C. § 2(A))**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 2.06, at 83 (Feb. 2006 Edition)**(AID AND ABET 18 U.S.C. § 2(A))**(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 5, at 14-16, filed May 13, 2010 (Doc. 74)(modified)

United States v. Cooper, 325 F.3d. 1041, 1049 (10th Cir. 2004)

United States v. Yazzie, 188 F.3d 1178, 1194-95 (10th Cir. 1999)

United States v. Scroger, 98 F.3d 1256, 1262 (10th Cir. 1997)

18 U.S.C. § 2

**INSTRUCTION NO. 16**

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. McKenzie is guilty of the crime charged. Mr. McKenzie is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. McKenzie has been proved guilty of the crime charged.

Tenth Circuit Pattern Jury Instructions Criminal 1.19, at 33 (2011 Edition)**(CAUTION -- CONSIDER ONLY CRIME CHARGED)**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.19, at 34 (Feb. 2006 Edition)**(CAUTION -- CONSIDER ONLY CRIME CHARGED)**(modified)

United States' Requested Jury Instructions, United States' Proposed Instruction No. 8, at 2, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 17

If you find Mr. McKenzie guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your verdict.

Tenth Circuit Pattern Jury Instructions Criminal 1.20, at 34 (2011 Edition)(**CAUTION -- PUNISHMENT**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.20, at 35 (Feb. 2006 Edition)(**CAUTION -- PUNISHMENT**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 9, at 2, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 18

In a moment the Courtroom Deputy Clerk will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts. You must decide whether the government has proved Mr. McKenzie guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided, either

-22-

guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

    If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Jury Instructions Criminal 1.23, at 37 (2011 Edition)**(DUTY TO DELIBERATE -- VERDICT FORM)**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.23, at 38 (Feb. 2006 Edition)**(DUTY TO DELIBERATE -- VERDICT FORM)**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.44, at 71 (2011 Edition)**(COMMUNICATION WITH THE COURT)**(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.43, at 70 (2006 Edition)**(COMMUNICATION WITH THE COURT)**(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 10, at 2, filed May 13, 2010 (Doc. 74)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 12, at 2, filed May 13, 2010 (Doc. 74)(modified)

## INSTRUCTION NO. 19

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Tenth Circuit Pattern Jury Instructions Criminal 1.44, at 71 (2011 Edition)(**COMMUNICATION WITH THE COURT**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.43, at 70 (Feb. 2006 Edition)(**COMMUNICATION WITH THE COURT**)(modified)

United States' Requested Jury Instructions, United States' Requested Instruction No. 12, at 2, filed May 13, 2010 (Doc. 74)(modified)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                     No. CR 08-1669 JB

RICHARD ANTHONY MCKENZIE,

      Defendant.

## VERDICT

    WE, the jury, find the defendant, RICHARD ANTHONY MCKENZIE,

_____ as charged in the indictment.
    (guilty or not guilty)


    Dated this ___ day of _____, 2011.


                                     _____
                                     FOREPERSON