IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
|         Plaintiff,              ) | |
|                                 ) | |
|    vs.                          ) | Cr. No. 08-1669 JB |
|                                 ) | |
| **RICHARD ANTHONY MCKENZIE**,   ) | |
|                                 ) | |
|         Defendant.              ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States hereby recommends, based on a total offense level of 34 and a criminal history category of VI, a sentence within the guideline imprisonment range of 262 to 327 months, and as grounds therefor states as follows:

1. The U.S. Sentencing Guidelines are no longer the ending point in the sentencing analysis.  Rather they are merely one factor for the Court to consider in fashioning a sentence that is "sufficient, but not greater than necessary," to achieve the sentencing goals of 18 U.S.C. § 3553.

2. The defendant does not dispute that the career offender provision, as set out in U.S.S.G. § 4B1.1, is properly calculated in his case to an advisory Guideline range of 262 to 327 months.

3. Pursuant to U.S.S.G §4B1.1, the defendant qualifies as a Career Criminal because he was over 18 years old at the time of the crime, he has been found guilty in the instant crime of a controlled substance offense, and the defendant has two prior felony convictions which are Criminal Sale of a Controlled Substance and Robbery Aided by Another.

4.      The defendant's actions in the instant crime demonstrate his contempt for law enforcement.  For example, when the DEA Special Agent attempted to arrest the defendant on the train platform, he resisted arrest, started to scream, and ran in a semi-circle.  The defendant then ran to his deluxe sleeper car and shut and locked the door.  He further kicked out the window, jumped out the two story window and fled to a near-by office building.

5.      The defendant states that "[t]he Court should grant a non-guideline variance based on 18 U.S.C. § 3553(a) because the guideline sentence for a career offender creates unsound penal policy and unwarranted disparities, and does not account for Mr. McKenzies's particular history and unique circumstances." *Defs. Mot.* p. 3.  In response, the factors delineated under 18 U.S.C. § 3553(a) yield that a sentence within the Guidelines imprisonment range of 262 to 327 is appropriate.  The defendant is not entitled to any downward adjustments under the Guidelines.  Similarly, the defendant does not present a compelling case for a downward departure under the Sentencing Guidelines or for a downward variance under any of the factors delineated under 18 U.S.C. § 3553(a).  Additionally, concerning the defendant's mention of "particular history" and "unique circumstances," the U.S. Probation Office, after a review of the defendant's criminal history, social history, and details of the case, has determined that there does not exist circumstances which take him away from the heartland of cases of similarly situated defendants.  *PSR,* ¶ 80.

6.      The defendant states that "[t]he Career Offender Guideline was not developed based on empirical research that supports the Sentencing Commission's increase in sentencing, and instead was keyed to the statutory maximum without consideration of the Guideline Development Process." *Defs. Mot.* p. 6.  In response, the Tenth Circuit has stated:

> The very purpose of § 4B1.1 is to carry out the congressional mandate that certain career offenders receive a sentence of imprisonment at or near the maximum term authorized. . ...*see also* U.S.S.G § 4b1.1 background (noting the Sentencing Commission has refined the definition of career offender over time to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate in an effort to avoid unwarranted sentencing disparities).
>
> *U.S. v. Friedman*, 554 F.3d 1301, 1310 (10th Cir. 2009)(internal quotation marks omitted).

The above cited Tenth Circuit language clearly establishes that the Tenth Circuit interprets the Sentencing Commission as strictly following Congress' mandate, and in fact, refining the definition of career offender to focus more precisely on a class of recidivist offenders. In other words, Congress' mandate takes precedent over other referenced processes.

7.      The defendant states that "[t]he Sentencing Commission exceeded Congressional directive by over-broadly defining the class of career offenders, and expanding on statutory definitions without explanation for such amendments." *Defs. Mot.* p. 9. The defendant asks the Court to disagree with the policies underlying § 4B1.1. Unlike the recent controversy concerning the crack sentencing guidelines which had not been adopted at the express direction of Congress, the Tenth Circuit has stated that "Congress did explicitly direct the Sentencing Commission to incorporate in the Guidelines, for career offenders convicted of violent crimes, sentencing ranges that are at or near the maximum term authorized." *Friedman*, 554 F.3d at 1311, n. 13. In essence, the career offender provision reflects Congress' will and the underlying policies of § 4B1.1 are sound.

8.      A sentence within the guideline imprisonment range of 262 to 327 months will be sufficient, but not greater than necessary, to reflect the seriousness of the offense with which defendant stands convicted. It will promote respect for the law and attempt to provide just punishment for the offense. Any lesser sentence will fail to afford adequate deterrence to potential future conduct of defendant as a career offender.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Electronically filed 09/19/2011*

Damon P. Martinez
Assistant United States Attorney
P. O. Box 607
Albuquerque, NM  87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2011, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

         /s/
Damon P. Martinez
Assistant United States Attorney