IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff.

     vs.                                CR 08-1669 JB

RICHARD ANTHONY McKENZIE,

          Defendant.

## **SENTENCING MEMORANDUM**

**COMES NOW** the Defendant, Richard Anthony McKenzie, by and through his attorney, James P. Baiamonte, and does hereby submit the following Sentencing Memorandum setting forth all factors which the Court should consider in determining what type and length of sentence is sufficient, however, not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

1.     Mr. Alonzo Padilla was Defendant's first attorney.

2.     Mr. Padilla briefed and argued a suppression issue on behalf of Defendant.

3.     Defendant was displeased with Mr. Padilla's efforts and sought and obtained a second attorney, Mr. Robert Cooper.

4.     Mr. Robert Cooper conducted Defendant's jury trial.

5.     Defendant believes Mr. Cooper was negligent and ineffective in that Mr. Cooper failed to make a motion for mistrial at the conclusion of DEA Agent Hyland's testimony on the first day of trial.

6.     Defendant is of the mind that clear evidence of perjury exists when DEA Agent

Hyland changed his testimony from a confidential informant to follow officer rule.

7.   Mr. Cooper argued all relevant issues and contested matters.

8.   The jury found Defendant guilty.

9.   Defendant sought and obtained new counsel.

10.   Mr. Jerry Walz was appointed to represented Defendant through sentencing and any necessary post conviction relief.

11.   Mr. Walz became Defendant's third attorney.

12.   Defendant, unsatisfied with Mr. Walz's representation, sought and obtained to have Mr. Walz replaced with yet another attorney.

13.   The Court appointed undersigned counsel, making Defendant's attorney count now four.

14.   Undersigned counsel has not fared much better at getting along with Defendant than did his three predecessors.

15.   Following undersigned counsel's appointment, the complete file, including the record of trial, was transferred to Defendant's fourth attorney in as many years.  The file is well over 3,000 pages and was read by undersigned counsel in its entirety.

16.   In anticipation of final sentencing set for July 31, 2012, undersigned counsel traveled to the Santa Fe County Detention Center.

17.   Defendant wishes to argue several points.  First and foremost, Defendant wishes for a criminal prosecution of DEA Agent Hyland for perjury.

18.   Defendant further seeks a criminal Indictment as against Assistant United States Attorney Damien Martinez for conspiracy and suborning of perjury.

19.     Defendant believes that a sentencing date will not be necessary as the criminal prosecutions described above will ultimately lead to Defendant's freedom and exoneration.

20.     Defendant refuses to cooperate or participate with undersigned counsel in the preparation of any mitigating evidence for the July 31, 2012 sentencing hearing.

21.     Defendant also believes his presentence report, (PSR), incorrectly calculates his final adjusted level and his criminal history category.

22.     Defendant, having read the PSR when Defendant was represented by Mr. Cooper, states is first objection is to Paragraph 41 on Page 11.  Defendant reports that the amount of crack cocaine sold was only .2 grams.  As such, Defendant should not have been charged with a drug trafficking charge.  A charge to which Defendant pled guilty to, thereby waiving any and all defenses.

23.     Neither Defendant or undersigned counsel has any case law authority to support this argument.

24.     Defendant next objects to Paragraph 42 on Page 11.  Defendant wishes the Court to know that although he went to trial and the jury disagreed with Defendant, Defendant should not have been found guilty of robbery.

25.     Defendant was **"only"** the driver of the getaway vehicle and in Defendant's reasoning, should not be held culpable for his actions.

26.     Furthermore, Defendant would like the Court to know that no victim was hurt and only a bag of lottery receipts was momentarily taken.  In fact, the bag never left the crime scene.

27.    Defendant was the victim of an incompetent lawyer.

28.    Again, neither Defendant nor undersigned counsel can cite the Court to any authority allowing the Court to invalidate what appears to be a valid prior conviction.  In fact, quite the opposite is true.

29.    The Court cannot and should not re-litigate previously settled matters where Defendant enjoyed the guiding hand of counsel.

30.    Once Paragraphs 41 and 42 are removed, Defendant is no longer eligible for career criminal status U.S.S.G. § 4B1.1.  Defendant's offense level remains at 28.

31.    Defendant firmly believes even though he took his case to trial, he is entitled to receive a two-level reduction for acceptance of responsibility because Defendant did not testify.

32.    Undersigned counsel's efforts at convincing Defendant otherwise have been futile and unsuccessful.

33.    Defendant's proposed U.S.S.G. range would be a final adjusted level 26, Category I, with an advisory sentence of 63 to 78 months.

34.    By statute, Defendant must serve no less than five years, which is close enough to the low-range sentence of 63 months.

35.    Defendant has been incarcerated for 48 months, as of the sentencing it will be close to 49 months.

36.    The above detailed arguments are brought under the auspices of Anders v. California, 386 U.S. 738 (1967).

**WHEREFORE**, Defendant respectfully requests the Honorable Court award a sentence of

60 months, waiver of all fines and penalties and any other relief the Court deems just and proper

under the circumstances.

Respectfully Submitted,

*/s/ James P. Baiamonte* 07/03/2012

James P. Baiamonte
Attorney at Law
900 Lomas Blvd NW
Albuquerque, NM 87102
baiamonte@qwest.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2012, I filed the foregoing electronically through the CM/ECF System, which caused opposing counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*/s/ James P. Baiamonte* 07/03/2012