UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
# SENTENCING MINUTE SHEET

| CR No. | 08-1669 | | USA vs. | McKenzie |
|---|---|---|---|---|
| Date: | 9/7/12 | | Name of Deft: | Richard Anthony McKenzie |
| Before the Honorable | | James O. Browning | | |

| Time In/Out: | 9:05 a.m./10:24 a.m. | Total Time in Court: | 1:19 | |
| --- | --- | --- | --- | --- |
| Clerk: | K'Aun Wild | Court Reporter: | Paul Baca | |
| AUSA: | Samuel Hurtado | Defendant's Counsel: | James Baiamonte (Appointed) | |
| Sentencing in: | ABQ | Interpreter: | N/A | |
| Probation Officer: | Luis Zuniga | Sworn? | Yes | No |

| Convicted on: | Plea | | Verdict | X | | As to: | Information | X | Indictment |
|---|---|---|---|---|---|---|---|---|---|
| Plea: | Accepted | | Not Accepted | | | Adjudged/Found Guilty on Counts: | | | |
| Plea Agreement: | Accepted | | Not Accepted | | | No Plea Agreement | Comments: | | |
| Date of Plea/Verdict: | April 12, 2011 | | | | | PSR: | Not Disputed | X | Disputed |
| PSR: | X | Court Reviewed PSR Factual Findings and USSG Calculations and Adopts as Its Own | | | | Evidentiary Hearing: | X | Not Needed | Needed |
| Exceptions to PSR: | see below | | | | | | | | |

| SENTENCE IMPOSED | | Imprisonment (BOP): | 262 months | |
| --- | --- | --- | --- | --- |
| Supervised Release: | 4 years | Probation: | | 500-Hour Drug Program |

### SPECIAL CONDITIONS OF SUPERVISION

| | No re-entry without legal authorization | | Home confinement for _____ months _____ days |
|---|---|---|---|
| | Comply with ICE laws and regulations | | Community service for _____ months _____ days |
| | ICE to begin removal immediately or during sentence | | Reside halfway house _____ months _____ days |
| X | Participate in outpatient substance abuse program (no residential placement) | | Register as sex offender |
| X | Participate in mental health program (no residential placement) | | Participate in sex offender treatment program |
| X | No alcohol/liquor establishments | | Possess no sexual material |
| X | Submit to search of person/property | | No computer with access to online services |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | No contact with victim(s) and/or co-Deft(s) | | | No contact with children under 18 years | | | |
| | No entering, or loitering near, victim's | | | No volunteering where children supervised | | | |
| | Provide financial information | | | Restricted from occupation with access to | | | |
| | Grant limited waiver of confidentiality | | | No loitering within 100 feet of school yards | | | |
| | OTHER: | | | | | | |
| Fine: | $ | 0.00 | | Restitution: $ | 0.00 | | |
| SPA: | $ | 100.00 | ($100 as to each Count) | Payment Schedule: | X | Due Immediately | Waived |
| OTHER: | | | | | | | |

| | | | |
|---|---|---|---|
| X | Advised of Right to Appeal | | Waived Appeal Rights per Plea Agreement |
| X | Held in Custody | | Voluntary Surrender |
| X | Recommended place(s) of incarceration: | | Court recommends FCI Fort Dix, NJ or FCI Fairmont, NJ, if eligible. |
| | Dismissed Counts: | | |
| OTHER COMMENTS: | | | Court informs have received motion to set aside verdict from Defendant – asks if defense counsel has received/read?  Defense counsel informs have only recently received – in process of reviewing; Govt. informs do not need continuance to respond to motion and would like to do so orally – argues in opposition to same, moves to strike motion given was filed by Defendant and not defense counsel; upon Court's inquiry, Defendant argues in support of motion; defense counsel addresses Court regarding motion; Govt. addresses Court further regarding motion; Defendant argues further in support of motion; defense counsel informs has now reviewed entire filing and do not believe there is anything in it that requires this hearing to be vacated – believes can proceed to sentencing; Court denies motion.  Defense counsel argues in support of objection as to over-representation of criminal history category and requests sentence to mandatory minimum of 5 years – addresses Court regarding discussions with Mr. Bowles regarding his possible appearance in this case and understands that he will not be appearing; Court informs CRD received calls from Defendant's family member yesterday regarding same and CRD talked with Mr. Crow last night – he told her that their firm would not be entering an appearance in this case.<br>**OBJECTION TO PARA. 41**<br>Court takes up objection as to para. 41as to the amount of drug sold and assertion that the Defendant should not have been charged with a drug trafficking offense; defense counsel argues in support of same; Defendant addresses Court re: same – references Indictment and PSR in the case giving rise to this objection; USPO informs has documentation to support charge/conviction – Court request USPO show documents to Defendant and instructs CRD to attach hereto as Ex. A; Govt. argues in response in opposition to same; Defendant addresses Court further re: same; USPO addresses Court further re: same and tenders additional documentation re: same; Court instructs CRD to attach that hereto as Ex. B; Defendant addresses Court |

further re: same; USPO addresses Court further re: same and tenders additional documentation re: same; Court instructs CRD to attach hereto as Ex. C; Court orders the following sentence removed from para. 41: "According to the Indictment, on or about May 5, 1994." and overrules objection to para. 41.

**OBJECTION TO PARA. 42**

Defense counsel informs has no further argument re: para. 42; Govt. has no argument, either; Court overrules objection re: same.

**OBJECTION AS TO ACCEPTANCE OF RESPONSIBILITY**

Defense counsel argues as to non-applicability of acceptance of responsiblity - do not believe applicable, but is raised at Defendant's request; Govt. argues in response in opposition to same; defense counsel has no further argument re: same; Defendant addresses Court re: same; Court overrules objection re: same.

***KIMBROUGH* ARGUMENT RE: ENHANCEMENT**

Defense counsel argues in support of *Kimbrough* re: enhancement; defense counsel informs has no further argument re: same - requests recommendation to facility in NY or NJ. Defendant allocutes - has additional objection to PSR re: analysis of robbery. Govt. addresses Court. Court declines to vary. Court provides findings to support imposition of special conditions. USPO informs FCI Fort Dix, NJ or FCI Fairmont, NJ, would be appropriate facilities; Court recommends same. Defense requests court appoint counsel to assist with 2255; Court explains will need to submit request through Clerk's office - file motion for counsel when file 2255 case; defense counsel asks Court if there is a basis for Defendant to file 2255? Court declines to provide answer - explains how process works; defense counsel addresses Court further re: same.