IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. CV 15-0130 JB/WPL
                                                      CR 08-1669 JB

RICHARD ANTHONY MCKENSIE,

    Defendant.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion (CV Doc. 1; CR Doc. 203) filed on February 13, 2015. The Court notes that Defendant submitted his motion on a form AO-243, which is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *See* http://jnet.ao.dcn/search/AO-243 (last visited on March 12, 2015). The Court construes the motion as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Defendant alleges six instances of ineffective assistance by his attorney and contends that his resulting sentence violates his constitutional right to assistance of counsel. The Court will require Defendant to show cause why his motion should not be dismissed.

Defendant's § 2255 motion faces the initial hurdle of the statute's one-year limitations period. *See* § 2255(f). On January 31, 2013, this Court entered judgment (CR Doc. 191) on Defendant's conviction, and on August 12, 2013, the Court of Appeals for the Tenth Circuit affirmed the judgment. *See United States v. McKensie*, 532 F. App'x 793, 797 (10th Cir. 2013). On September 11, 2013, the Court of Appeals denied Defendant's petition for panel rehearing. *See United States v. McKensie*, No. 13-2018, slip ord. (10th Cir. Sept. 11, 2013). His conviction thus became final ninety days later, in mid-December, 2013, when the time for filing a petition for

writ of certiorari expired. *See United States v. Hurst*, 322 F.3d 1256, 1262 (10th Cir. 2003). Defendant filed the current motion approximately fourteen months later on February 13, 2015. The applicable one-year limitation period in § 2255 had expired when Defendant filed his § 2255 motion, *see United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000), and the motion must be dismissed unless he establishes grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec. 13, 1999).

Defendant makes two assertions regarding the timeliness of the motion. First, he alleges that he filed his motion within the one-year limitations period. (Mot. 12.) The dates noted above clearly contradict this assertion. He also asserts, without factual support, that he was diligent in preparing and filing the motion, thereby tolling the running of the limitations period. Because the Court has raised the timeliness issue *sua sponte*, Defendant will be allowed to present factual support for his assertion that the Court should treat the motion as timely filed. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding). Failure to respond to this Order or otherwise show cause may result in dismissal of the § 2255 motion without further notice. *See* § 2255 R. 4.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this Order, Defendant file a response showing cause, if any, why his § 2255 motion should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE