IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                             CIV 16-0740 JB/KBM
                                             CR 08-1669 JB

RICHARD McKENZIE,

      Defendant.

**ORDER FOR SUPPLEMENTAL BRIEFING ON MOTION FOR *BECKLES* STAY**

THIS MATTER is before the Court on the United States' opposed Motion for Stay of Proceedings Pending the Supreme Court's Decision in *United States v. Beckles, CV Doc. 8 & CR Doc. 224,* filed October 31, 2016. The Honorable James O. Browning referred this matter to me in accordance with the provisions of 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *CV Doc. 3.* Having reviewed the motion to stay, the pleadings on file and the relevant authorities, the Court concludes that supplemental briefing is appropriate.

The Government contends that this matter should be stayed until the Supreme Court hands down its decision in *Beckles v. United States*, (S. Ct. No. 15-8544) as to: "(1) whether the holding in *Johnson v. United States* [135 S. Ct. 2551 (2015)] applies to the residual clause of USSG § 4B1.2; and (2) if so, whether *Johnson* applies retroactively

to Sentencing Guidelines cases on collateral review in which the sentence was enhanced by the residual clause in § 4B1.2." *CV Doc. 137* at 11. The Supreme Court heard arguments in the *Beckles* case on November 28th, and a decision is expected before the summer recess in 2017. Clearly, the Court would be aided by such guidance.

Defendant McKenzie did not file a brief in opposition to the motion, but instead filed a "Notice of Pertinent Authority" and attached *United States v. Miller,* No. 16-8080, slip op. (10th Cir. Nov. 2, 2016), one of three recent unpublished decisions by the Tenth Circuit addressing the propriety of a *Beckles* stay. Those decisions persuade this Court that it must address the merits of a *Johnson* claim where the defendant "will effectively be denied his right to timely resolution of his § 2255 motion." *United States v. Smith*, No. 16-8091 (10th Cir. Nov. 9, 2016), quoting *United States v. Miller*, No. 16-8080, slip op. at 7(10th Cir. Nov. 2, 2016) (unpublished) (issuing writ of mandamus and directing district court to vacate stay and address merits); *United States v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016) (unpublished) (same).

Here, however, it does not appear that Defendant McKenzie would now be eligible for a time-served sentence without the career offender guideline enhancement if successful on the § 2255 motion. If a stay does not effectively operate as a dismissal of Defendant McKenzie's claim, this Court has discretion to grant a *Beckles* stay. *See Miller*, slip op. at 6 (writ of mandamus to vacate *Beckles* stay found necessary because "staying resolution of his motion until the Supreme Court resolves *Beckles* will irreparably damage Miller by resulting in his unnecessary confinement.").

Wherefore,

**IT IS HEREBY ORDERED** that Defendant McKenzie will be given the opportunity to file by January 18, 2017, a supplemental brief addressing whether the granting of the motion to stay will effectively deny his right to timely resolution of his § 2255 motion.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE