IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                                                            No. CIV 16-0740 JB/KBM
                                                                                                                    No. CR 08-1669 JB

RICHARD MCKENZIE,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Petitioner, Mckenzie's Second Supplemental Motion to His Request for Habeas Relief Under Title 28 U.S.C. § 2255, filed April 3, 2017 (CIV Doc. 18; CR Doc. 234)("Second Supplemental Motion"); and (ii) the Petitioner, Mckenzie's Motion for Leave to Construe His Motion to Amend His § 2255 Petition Under Rule 15(c) to a Motion for Reconsideration Under Rule 59(e), filed April 13, 2017 (CIV Doc. 19; CR Doc. 235)("Motion for Leave"). The Court declines to reconsider its prior dismissal of Defendant/Movant Richard McKenzie's § 2255 proceeding and dismisses his Second Supplemental Motion as a second or successive § 2255 motion filed without the United States Court of Appeals for the Tenth Circuit's authorization. The Court will, however, transfer McKenzie's Second Supplemental Motion to the United States Court of Appeals for the Tenth Circuit in the interests of justice.

## FACTUAL AND PROCEDURAL BACKGROUND

McKenzie filed his Motion to Correct Sentence under 28 U.S.C. § 2255 on June 22, 2016. See Motion to Correct Sentence Under 28 U.S.C. § 2255, filed June 22, 2016 (CIV Doc. 1; CR Doc. 219)("Motion to Correct"). In his Motion to Correct, McKenzie sought to have the

Court set aside his sentence under the Supreme Court of the United States' decision in Johnson v. United States, 135 S. Ct. 2551 (2015)("Johnson").  See Motion to Correct at 2.  McKenzie then filed a Supplemental Motion to Correct Sentence under 28 U.S.C. § 2255, filed August 9, 2016 (CIV Doc. 6; CR Doc. 223)("Supplemental Motion to Correct").  In his Supplemental Motion to Correct, McKenzie claimed that the Court should apply the Johnson holding to invalidate his sentence under U.S.S.G. §§ 4B1.1 and 4B1.2.  See Supplemental Motion to Correct at 3.  As the Court's docket reflects, counsel represented McKenzie in the proceedings on his Motion to Correct and Supplemental Motion to Correct.

On March 6, 2017, the Supreme Court issued its ruling in Beckles v. United States, 137 S. Ct. 886 (2017)("Beckles").  In Beckles, the Supreme Court held that the United States Sentencing Guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, are not subject to a void-for-vagueness challenge.  See 137 S. Ct. at 897.  The Honorable Karen B. Molzen, Chief United States Magistrate Judge, entered an Order on March 9, 2017, directing the parties to address whether the Supreme Court's ruling in Beckles disposed of all claims in the Motion to Correct and Supplemental Motion to Correct.  See Order Lifting Stay and Directing the Parties to Confer and File a Joint Statement in Light of *Beckles*, filed December 30, 2016 (CIV Doc. 14; CR Doc. 230). The United States filed a statement on March 14, 2017, which stated: "[T]he parties have conferred and agree that the Supreme Court's ruling in *Beckles* is dispositive of all issues raised in Defendant's pending §2255 motion.  Therefore, Defendant's motion pursuant to 28 U.S.C. § 2255 should be dismissed with prejudice."  Proposed Joint Statement, filed March 14, 2017
(CIV Doc. 15; CR Doc. 231).  The Court entered its Memorandum Opinion and Order and Judgment dismissing the Motion to Correct and Supplemental Motion to Correct with prejudice

on March 28, 2017.  See Memorandum Opinion and Order, filed March 28, 2017 (CIV Doc. 16; CR Doc. 232); Final Judgment, filed March 28, 2017 (CIV Doc. 17; CR Doc. 233).

McKenzie, acting pro se, filed his Second Supplemental Motion on April 3, 2017.  See Second Supplemental Motion at 1.  In his Second Supplemental Motion, McKenzie sought to amend his Motion to Correct on the grounds that his underlying controlled substance and robbery convictions should no longer qualify as predicate offenses "under U.S.S.G. § 4B1.1 and 4B1.1(a)(b)" based on the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016)("Mathis").  Motion to Correct at 3.  On April 13, 2017, McKenzie then filed his Motion for Leave.  See Motion for Leave at 1.

**LAW REGARDING RECONSIDERATION AND SUCCESSIVE § 2255 MOTIONS**

The Federal Rules of Civil Procedure govern post-judgment motions.  28 U.S.C. §§ 2244, 2255 govern second or successive motions to correct a sentence.  The Court will address each set of rules in turn.

   **1.   Motions for Reconsideration.**

Rule 59(e) of the Federal Rules of Civil Procedure governs post-judgment motions for reconsideration, which are considered to be motions to alter or to amend the judgment.  See Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)("Brumark Corp.").  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment."  Fed. R. Civ. P. 59(e).

Grounds warranting reconsideration under rule 59(e) include: (i) an intervening change in the controlling law; (ii) new evidence previously unavailable; and (iii) the need to correct clear error or prevent manifest injustice.  See Brumark Corp., 57 F.3d at 948.  A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's

position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

## 2. **Second or Successive § 2255 Motions.**

Section 2255 provides that a United States Court of Appeals panel must certify a second or successive motion in accordance with § 2244 to contain: (i) newly discovered evidence that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (ii) a new rule of constitutional law that was previously unavailable and the Supreme Court made retroactive to cases on collateral review. See 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A).

A district court lacks jurisdiction to consider a second or successive motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals, the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

## **ANALYSIS**

McKenzie requests the Court to treat his filing as a motion for reconsideration under rule 59(e). See Motion for Leave at 1. McKenzie filed his Motion for Leave within twenty-eight days after the Court entered Final Judgment. See Motion for Leave at 1. Because McKenzie submitted his Motion for Leave within the twenty-eight day time limit, the Court will construe

his Motion for Leave as a timely motion to alter or amend judgment under rule 59(e) of the Federal Rules of Civil Procedure.

In his Motion for Leave, McKenzie argues that the Court's March 28, 2017 dismissal of his Motion to Correct and his Supplemental Motion denied him procedural due process, because he was not given the opportunity to either withdraw his Motion to Correct or make his claim based on Mathis. See Motion for Leave at 2-4. In making his argument, McKenzie relies on Castro v. United States, 540 U.S. 375 (2003)("Castro"). Castro held that when:

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383. When McKenzie filed his original Motion to Correct and his Supplemental Motion to Correct, he was not proceeding pro se and, because his filings were made under § 2255, the Court had no reason to recharacterize his filings. See Motion to Correct at 1; Supplemental Motion at 1. Castro has no application to McKenzie's filings, and does not afford any basis for reconsideration of the Court's dismissal of his Motion to Correct and Supplemental Motion. See Brumark Corp., 57 F.3d at 948.

The Supreme Court's ruling in Mathis similarly does not afford McKenzie a basis for reconsideration of the dismissal of his § 2255 Motion and Supplemental Motion. As McKenzie recognizes, his Mathis argument is a new argument that was not raised before entry of Final Judgment on his Motion to Correct and Supplemental Motion. See Motion for Leave at 2-3. As such, Mathis cannot be raised to alter or amend the Final Judgment under rule 59(e) but, instead, must be treated as a second or successive § 2255 motion. See United States v. Vazquez, 615 F.

App'x 900, 901 (10th Cir. 2015).

McKenzie's request for reconsideration does not present any intervening change in the controlling law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. See Brumark Corp., 57 F.3d at 948. The Court will deny McKenzie's Motion for Leave.

As set out above, the Second Supplemental Motion must be treated as a second or successive motion under 28 U.S.C. § 2244. See United States v. Vazquez, 615 F. App'x at 901. McKenzie filed the Second Supplemental Motion without the appropriate court of appeals' order authorizing this Court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). The Court must either dismiss McKenzie's Second Supplemental Motion or transfer the matter under 28 U.S.C. § 1631 to the Tenth Circuit. See In re Cline, 531 F.3d at 1252.

At this stage of the proceedings, McKenzie may proceed with a second or successive § 2255 motion only if he is relying on a right that the Supreme Court made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3). In unpublished decisions, the Tenth Circuit has indicated that Mathis does not announce a new right made retroactively applicable to cases on collateral review. See United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016)(stating that Mathis does not announce a new rule); Sandlain v. English, No. 17-3152, 2017 WL 4479370, at *4 (10th Cir. Oct. 5, 2017). While unpublished Tenth Circuit decisions are not binding precedent, see 10th Cir. R. 32.1(A), 28 U.S.C., the Court is skeptical that McKenzie's successive § 2255 motion has any merit. The Court concludes, however, that transferring McKenzie's Second Supplemental Motion to the Tenth Circuit is in the interests of justice, because McKenzie's Mathis argument would be time barred if he were forced to file a new § 2255 motion with the Tenth Circuit, because the Supreme

Court decided <u>Mathis</u> more than one year ago. See 28 U.S.C. § 2255(f)(3).

**IT IS ORDERED** that: (i) the Petitioner, Mckenzie's Second Supplemental Motion to His Request for Habeas Relief Under Title 28 U.S.C. § 2255, filed April 3, 2017 (CIV Doc. 18; CR Doc. 234) is transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1613; and (ii) the Petitioner, Mckenzie's Motion for Leave to Construe His Motion to Amend His § 2255 Petition Under Rule 15(c) to a Motion for Reconsideration Under Rule 59(e), filed April 13, 2017 (CIV Doc. 19; CR Doc. 235), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James A. Tierney
  Acting United States Attorney
Samuel A. Hurtado
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Respondent/Plaintiff*

Jason Bowles
Bowles Law Firm
Albuquerque, New Mexico

     *Attorney for the Movant/Defendant*